UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
IN RE DMCA SUBPOENA APPLICATION TO    )    23-mc-91508-PBS
AMAZON.COM, INC.                            )
                                            )
_____)

**APPLICANT U.S. LUGGAGE COMPANY'S RESPONSE TO ORDER TO SHOW CAUSE WHY APPLICATION FOR SUBPOENA SHOULD NOT BE DISMISSED**

United States Luggage Company, LLC d/b/a Solo New York (hereinafter "Solo New York") responds to this Court's October 17, 2023 Order to Show Cause "(1) why this matter should not be dismissed, and (2) [to] address whether any other relief is warranted." ("Order"). Solo New York hereby responds to the Order as follows.

### A. The Action Should Not Be Dismissed Because there is No Requirement for Solo New York to Institute a Cause of Action to Obtain a Section 512(h) Subpoena.

Solo New York filed this application under the Digital Millennium Copyright Act, Pub. L. 105-304 ("DMCA") for a subpoena to identify Amazon.com Sales, Inc. ("Amazon") sellers infringing its copyrighted materials. Pursuant to 17 U.S.C. § 512(h) of the DMCA a "copyright right owner ... may request **the clerk of any United States district court** to issue a subpoena to a service provider for identification of an alleged infringer...." *Arista Recs. LLC v. Does 1-27,* 584 F. Supp. 2d 240, 246–47 (D. Me. 2008) (emphasis added). *See also In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.),* 581 F. Supp. 3d 509, 515 n.2 (S.D.N.Y. 2022); *Charming Beats LLC*, No. CV21MC773GHWSLC, 2021 WL 4991329, at *2 (S.D.N.Y. Oct. 27, 2021); *Strike 3 Holdings, LLC v. Doe*, No. 1:18-CV-12585-NLH-JS, 2020 WL 3567282, at *10 (D.N.J. June 30, 2020); *Strike 3 Holdings LLC v. Doe*, No. 18-CV-768 (DSD/FLN), 2018 WL 1924455, at *2 (D. Minn. Apr. 24, 2018); *In re Verizon Internet Servs., Inc.*, 240 F. Supp. 2d 24, 28

1

(D.D.C.) *rev'd sub nom. Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003).

Section 512(h), "establishes a process for copyright holders to obtain subpoenas without engaging in litigation." *Strike 3 Holdings, LLC v. Doe*, 330 F.R.D. 552, 555 (D. Minn. 2019). *See also In re Subpoena Issued Pursuant to The Digital Millennium Copyright Action To: 43SB.Com, LLC*, No. MS07-6236EJL, 2007 WL 4335441, at *2 (D. Idaho Dec. 7, 2007) (noting an applicant "caused a pre-litigation subpoena to be served upon counsel" pursuant to DMCA); *Arista Recs. LLC*, No. CIV-07-568-R, 2007 WL 5030732, at *2 (W.D. Okla. Nov. 14, 2007) ("A DMCA subpoena is a pre-litigation subpoena") (citation omitted); Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2457, *Subpoena for the Production of Documents and Things—Form and Sufficiency*, (3d ed.) ("A subpoena issued under the Digital Millennium Copyright Act (DMCA) is considered a prelitigation subpoena."). As one commentator explained, "[b]ecause no judge reviews a DMCA subpoena before it is issued and no formal litigation is initiated by filing a DMCA subpoena request, the DMCA subpoena offers a straightforward and low-cost means of identifying an anonymous infringer." *See* Benjamin S. Sternberg, *The DMCA Subpoena Process: An Underutilized Tool for Identifying Anonymous Infringers* (Lutzker & Lutzkery LLP Dec. 8 , 2016) (attached as Exhibit A).

Since, the DMCA subpoena process does not require formal litigation, an applicant under Section 512(h) is not required to establish subject matter jurisdiction to obtain a subpoena. *In re Verizon Internet Servs., Inc.,* 257 F. Supp. 2d at 248-257 (explaining why Article III of constitution does not apply to Section 512(h)). As the *Verizon* court explained, the issuance of a subpoena under Section 512(h) is a ministerial task of the clerk, which does not require an actual case or controversy. *Id.* at 249 ("Under this subsection, the clerk exercises no discretion; if the

requirements are met, the subpoena must be issued. The clerk, in other words, executes a quintessentially ministerial duty.") (citing *Mississippi v. Johnson,* 71 U.S. (4 Wall.) 475, 498 (1866) ("A ministerial duty ... is one in respect to which nothing is left to discretion. It is a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law.")). Indeed, Congress "may direct the clerk of a court to perform a specified service, without making his act the act of the court." *Custiss v. Georgetown & Alexandria Turnpike Co.,* 6 Cranch 233, 10 U.S. 233, 236 (1810) (Marshall, C.J.). Here, Congress specifically intended the clerk of each district court to perform a ministerial task when it issued a DMCA subpoena under Section 512(h). *See In re Verizon Internet Servs., Inc.,* 257 F. Supp. 2d at 249-250 ("The legislative history of § 512(h) indicates that Congress specifically intended the issuance of the subpoena to 'be a ministerial function.'") (citing S.Rep. No. 105–190, at 51 (1998)); H.R. Rep. No. 105–551, Pt. 2, Comm. on Commerce, 59–60 (1998) ("[U]nder th[e] procedure [set forth in Section 512(h)] the copyright owner or agent files three documents with the clerk of any Federal district court.... The issuing of the order should be a ministerial function performed quickly for this provision to have its intended effect."). The issuance of a DMCA subpoena is, therefore, not a judicial function which requires a case or controversy.

Thus, the Court should not dismiss the matter because Solo New York was not required to file a litigation in the first instance.

### B. The Court Should Order the Clerk of the Court to Issue the Subpoena Because Solo New York Has Satisfied the Requirements of Section 512(h).

Solo New York has met the requirements to obtain a subpoena under Section 512(h). Pursuant to Section 512(h) a "request for a subpoena under the DMCA must be accompanied by: (i) 'a copy of a notification described in' section 512(c)(3)(A); (ii) 'a proposed subpoena'; and (iii) 'a sworn declaration to the effect that the purpose for which the subpoena is sought is to

obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title.'" *Charming Beats LLC*, 2021 WL 4991329, at *2 (quoting 17 U.S.C. § 512(h)(2)(A)–(C)). Here, Solo New York's application satisfies this criteria.

First, Solo New York has attached a copy of a notification described in section 512(c)(3)(A) to its application. *See* Dkt. No. 1-3. This notification meets the criteria set forth in Section 512(c)(3)(A). It contains an "electronic signature of a person authorized to act on behalf of the owner of an exclusive right that is allegedly infringed." *See* Dkt. No. 1-3 p. 1, 12. It identifies the "copyrighted work[s] claimed to have been infringed." *Id.* at p. 4-11. It identifies the "material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material." *Id.* at 2-11 (identifying sale listing, Amazon Seller ID, and Seller Name). It provides Amazon, "information reasonably sufficient to permit [it] to contact the complaining party." *Id.* at 2-4 (listing Amazon Seller ID, and Seller Name). In addition to this information, the notification states:

> I, the undersigned, CERTIFY UNDER PENALTY OF PERJURY that I am the owner or an agent authorized to act on behalf of the owner of certain intellectual property rights, said owner being named Solo New York. I have a good faith belief that the listings or materials listed below are not authorized by Solo New York, its agent, or the law and that Solo New York has never given permission to the below sellers (collectively, "the Infringing Parties") to copy, mirror, download/upload, frame, rework, or otherwise present Solo New York's intellectual property, or any derivatives thereof

*Id.* at 1. This statement meets the requirement of Section 512(c)(3)(A)(v), (vi), which states that the notification sent to Amazon must contain a "statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law" and "that the information in the notification is accurate,

4

and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed."

Second, the subpoena is in the proper form.  Pursuant to Section 512(h)(3), the subpoena shall command the service provider "to expeditiously disclose to the copyright owner or person authorized by the copyright owner information sufficient to identify the alleged infringer of the material described in the notification to the extent such information is available to the service provider."  The subpoena submitted by Solo New York complies with Section 512(h)(3) where it commands Amazon to produce "all identifying information including subscriber registration information, the name(s), address(es), telephone number(s), and any electronic mail address(es) associated with the infringing Amazon users listed [in Schedule A]." Dkt. No. 1-1. Thus, Solo New York's proposed subpoena satisfies Section 512(h)(3) requirements.

Third, Solo New York submitted a compliant sworn declaration with its application for a Section 512(h) subpoena. Under Section 512(h)(2)(C), a party seeking a DMCA subpoena must submit with the application "a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under [the Copyright Act]."  In support of its application, Solo New York submitted the declaration of its counsel, Michael R. Stanley.  Dkt. No. 1-2.  In this declaration, Attorney Stanley declares that "the purpose for which this DMCA Subpoena is sought is to obtain the identity of alleged infringers and such information will only be used for the purpose of protecting Solo New York's rights under title 17 U.S.C. §§ 100." Thus, the declaration complies with Section 512(h)(2)(C).

Because Solo New York's notification … satisfies the provisions of [Section 512](c)(3)(A), the proposed subpoena is in proper form, and [Attorney Stanley's] declaration is

properly executed, ***the clerk shall expeditiously issue and sign the proposed subpoena and return it to the requester for delivery to the service provide***r." *Charming Beats LLC*, 2021 WL 4991329, at *2 (quoting 17 U.S.C. § 512(h)(4) (emphasis added)). Accordingly, this Court should direct the Clerk's Office to issue a Section 512(h) subpoena in the form submitted by Solo New York to be served on Amazon.

WHEREFORE, this Court should retain jurisdiction over this matter for the sole purpose or ordering the Clerk's Office to issue a subpoena pursuant to 17 U.S.C. § 512(h)

Respectfully submitted,

United States Luggage Company, LLC d/b/a Solo New York,

by its attorneys,

*/s/ Michael R. Stanley*
Michael R. Stanley (BBO No. 680957)
Joseph L. Demeo (BBO No. 561254)
DEMEO, LLP
66 Long Wharf
Boston, MA 02110
Tel: (617) 263 2600
jdemeo@demeollp.com
mstanleydemeollp.com

DATED: November 6, 2023