UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re DMCA Subpoena to Amazon.com Sales, Inc.          23-mc-91508-PBS

## ORDER TO SHOW CAUSE

LEVENSON, M.J.

The Court has received a request for issuance of a subpoena pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(h). Docket No. 1. The applicant, United States Luggage Company, LLC d/b/a Solo New York ("Solo"), appears to be a manufacturer, designer, and/or seller of luggage, including backpacks. *See* Exhibit 1, Stanley Decl., Docket No. 1-3.

The proposed subpoena would require Amazon.com to provide identifying information with respect to 35 Amazon users ("Sellers") who are listed by their Amazon Seller ID numbers.

The claimed basis for issuing the proposed subpoena is that the listed Sellers qualify as "alleged infringers" under the DMCA.[1] However, the Request is conspicuously vague about what copyright, if any, as been "infringed." In this regard, the application and accompanying material fail to satisfy a key prerequisite for issuance of a DMCA subpoena under 17 U.S.C. § 512(h), which is that the recipient of the proposed subpoena must previously have received a notification that satisfies the requirements of 17 U.S.C. § 512(c)(3)(A). In particular, the statute requires that such notification must include:

> (ii)   Identification of the copyrighted work claimed to have been infringed, or, if multiple copyrighted works at a single online site are covered by a single notification, a representative list of such works at that site.

---

[1] § 512(h)(1) provides that "[a] copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer in accordance with this subsection." 17 U.S.C. § 512(h)(1).

17 U.S.C. § 512(c)(3)(A)(ii).

The Request states in conclusory fashion that "[t]he content posted by these sellers infringes a copyright held by Solo New York." Docket No. 1, at 1. The Request then attests that "Solo New York has submitted a copy of the notification sent pursuant to 17 U.S.C. § 512(c)(3)(A) as Exhibit 1 to Counsel Decl." *Id*. Having cited the applicable statute, Solo attaches a notification that does not appear to satisfy the terms of Section 512(c)(3)(A).

The circumstances recited in the Request also call into doubt the further attestation that the information sought "will only be used for the purpose of protecting Solo New York's rights under Title 17 U.S.C. §§ 100, et seq." *Id.* at 2.

Attached to the Request is an attorney declaration which recites:

> Pursuant to 17 U.S.C. § 512(c)(3)(A), Solo New York submitted a notification to Amazon.com Sales, Inc. identifying the infringing content posted by the aforementioned users and providing the information required by 17 U.S.C. § 512(c)(3)(A).

Stanley Decl., Docket No. 1-2, ¶ 3. That declaration, in turn, attaches a copy of the notification letter itself. Exhibit 1, Stanley Decl., Docket No. 1-3.

Nowhere in the notification letter is there anything that can reasonably be considered an "identification of the copyrighted work claimed to have been infringed," as required under 17 U.S.C. § 512(c)(3)(A)(ii). On the contrary, the letter, like the Request and the attorney declaration, is peppered with vague allusions to Solo's "intellectual property," while the references to copyrights, as such, are open-ended and conclusory.

There are a handful of mentions of "copyright" or "copyrights" in the notification letter, but none that can reasonably be understood to identify any actual copyrighted work. The references to "copyright" (with emphasis added) are as follows:

- The caption of the letter reads: "RE: United States Luggage Company, LLC d/b/a Solo New York – DMCA *Copyright*"

- The first sentence of the letter reads: "I write to you on behalf of United States Luggage Company, LLC d/b/a Solo New York ("Solo New York") in connection with the infringing use of its *copyrights* on Amazon.com.

- On page 4, the following sentence is found: "Solo New York has never given permission to the Infringing Parties to use its *copyrights* or intellectual property in the United States, and the Infringing Parties are not otherwise authorized to use Solo New York's *copyrights* in the United States.

- On page 11, there is a string of case citations, all of which refer to trademark infringement, with the exception of one sentence that refers to a case which mentions copyright along with trademark: "As you may know, a California court held an Internet Service Provider liable for $32 million in damages caused by its failure to remove websites infringing upon intellectual property rights. *See Louis Vuitton Malletier, S.A. v. Akanoc Solutions*, Inc., et al., C.A. No. C 07-03952 JW (N.D. Cal. Aug. 28, 2009) (finding two ISPs liable for $32.4 million in damages for contributory trademark and *copyright* infringement when they failed to take down infringing websites.)."

- On page 12, there are two mentions of "copyrights": "Because Amazon qualifies as an ISP under the DMCA, it is entitled to the safe harbor afforded therein against a claim of vicarious *copyright* infringement only if it establishes the following three elements . . . ." and "Amazon now has notice of the specific ASINs on Amazon.com infringing upon Solo New York's *copyrights*."

Exhibit 1, Stanley Decl., Docket No. 1-3.

In its notification letter, Solo describes its business as follows:

As you are aware, Solo New York develops, manufactures, and sells products throughout the United States and the world. Solo New York has and continues to designate significant resources to develop and maintain its products' national and international image. Through advertising and other promotional efforts, Solo New York has ensured that its brand and intellectual property have become renowned in the industry and with the consuming public.

Docket No. 1-3 at 1.

Given Solo's description of its business, it would seem likely that the "intellectual property" rights it seeks to vindicate are in the nature of trademark, trade dress, or (possibly) patentable designs, rather than copyrights. As noted above, Solo appears to be a maker and seller

3

of tangible things, such as backpacks and other kinds of luggage. Such items might colloquially be referred to as "travel gear," and in copyright law are referred to as "useful articles." *See Rubio v. Barnes & Noble, Inc.*, No. 14-CV-6561 JSR, 2014 WL 6769150, at *2 (S.D.N.Y. Nov. 12, 2014) (dismissing a copyright claim concerning the manufacture of a backpack as the replication of a "useful article"). Solo apparently sells these under one or more tradenames, trademarks, and/or trade dress.

By definition, copyright law excludes from its protection "useful articles," including "[p]ictorial, graphic, and sculptural works" that have an "intrinsic utilitarian function." *See* 17 U.S.C. §§ 101, 102(a)(5). "Useful articles serve purposes independent of expression and cannot be validly registered as enforceable copyrights." *Boyds Collection, Ltd. v. Bearington Collection, Inc.*, 365 F. Supp. 2d 612, 613–14 (M.D. Pa. 2005). That said, artistic features associated with the designs for useful articles can be eligible for copyright protection under certain circumstances. *See Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 580 U.S. 405, 424, (2017) (extending copyright protection to designs on the surface of cheerleading uniforms).

In light of Solo's failure to identify any particular copyrighted material, and in light Solo's vague references to "intellectual property," the Court is concerned that Solo may be seeking to use the subpoena authority afforded by 17 U.S.C. § 512(h) to vindicate *trademark* or other intellectual property rights. These concerns implicate Solo's attestation that the proposed subpoena is solely directed to information concerning copyright protections. *See* Docket No. 1, ¶ 3 ("[S]uch information will only be used for the purpose of protecting Solo New York's rights under Title 17 U.S.C. §§100, et. seq.").

The subpoena authority afforded by Section 512(h) necessarily operates on an *ex parte* basis and is intended to be triggered by a request addressed directly to the Clerk of Court. For

such matters, the Court must look to counsel to ensure compliance with the requirements of the statute.

In light of the insufficiency of the notification and the attendant questions regarding the legal and factual basis for Solo's Request to the Clerk for Issuance of Subpoena to Amazon.com Sales, Inc. Pursuant to 17 U.S.C. § 512(h) to Identify Alleged Infringers (Docket No. 1), Solo is ORDERED to appear before the Court and (1) show cause why this matter should not be dismissed, and (2) address whether any other relief is warranted.

The Clerk is directed to notify counsel as to the date and time of the required appearance.

October 13, 2023

                                               /s/ Paul G. Levenson
                                               Paul G. Levenson
                                               United States Magistrate Judge